UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA ex rel.
TENNESSEE VALLEY AUTHORITY                                  PLAINTIFF

v.                                                           Civil No. 1:17-cv-00152-GHD-DAS

AN EASEMENT AND RIGHT-OF-WAY
OVER 0.03 ACRE OF LAND,
MORE OR LESS, IN OKTIBBEHA COUNTY,
MISSISSIPPI, and WILLIE DEAN MCGEE, *et al.*           DEFENDANTS

## MEMORANDUM OPINION

Now before the Court is Plaintiff United States of America's motion for summary judgment. Doc. 32. For the reasons set forth below, the Court finds the motion should be granted.

### Background

The United States brought this eminent domain action to obtain an easement and right of way for the use by the Tennessee Valley Authority. With the complaint, the United States filed a declaration of taking stating that intended to take an easement and right of way for the use of the Tennessee Valley Authority for the operating and maintaining power and telephone lines. Decl. of Taking ¶ 4, Doc. 2. The easement sought is described in full in an attachment to the Declaration of Taking. *See* Easement Description, Doc. 2-1.

The complaint identified fourteen individuals with interests in the property: Willie Dean McGee, Willie Morris Smith, Jr., Eddie Lewis Smith, Betty Jean Hogan, Helen Jean Smith, Wilbert Kent Johnson, Stanley Johnson, Mary Ann Island, Lois Lynn Pitchford, Deborah Alexander, Eddie B. Smith, III, Tara Milla, and Judy Lynn Smith who each owned an undivided 1/14 interest in the property; and Marco Smith, Ventura Donael Smith, and Ayond Kay Smith who each owned an undivided 1/42 interest in the property.

1

With the complaint, the United States filed a declaration of taking stating the easement and right of way would be used by the Tennessee Valley Authority for the operating and maintaining power and telephone lines. Decl. of Taking ¶ 4, Doc. 2. The United States also filed a notice of condemnation and served each of the landowners listed above. Pursuant to 40 U.S.C. §§ 3114–3118 this court granted immediate possession of the easement and right-of-way to the TVA.

Based on independent appraisals commissioned by the TVA, the TVA estimated fair and just compensation for the easement to be $1,000 and deposited that amount with the Clerk of the Court.

After serving the Defendants, two of them, Judy Lynn Smith and Eddie L. Smith, settled their interest in the property for $71.42 each, which represented their respective 1/14 interests in the property. Defendant Willie Dean McGee filed an answer. In his answer he did not object to the taking, but requested compensation in the amount of $15,000. He did not demand a jury trial on the issue of compensation in that answer. No other Defendant filed an answer or otherwise responded to the complaint.

The United States now seeks summary judgment, asking this Court to determine the amount of compensation due to the remaining 12 owners and distribute the funds accordingly.

### Summary Judgment Standard in Eminent Domain Cases

"In an action involving eminent domain under federal law, the court tries all issues, including compensation" except when a party demands a jury trial "within the time to answer." Fed. R. Civ. P. 71.1(h). Here, no Defendant demanded a jury trial, and so, the Court may decide the issue of compensation.

In an eminent domain proceeding, summary judgment may be granted under Rule 56 when there is no genuine dispute as to any material fact. "Summary judgment is appropriate in a condemnation case where there is no disputed issue of material fact." *Transwestern*

*Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa Cty.*, 473 F. App'x 778, 779 (9th Cir. 2012) (citing *Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1446–47 (9th Cir. 1987)); *see also United States v. 0.225 Acres of Land in Parish of Plaquemines, La., Etc.*, No. 16-0792, 2017 WL 2618852, at *4 (E.D. La. Jun. 6, 2017) (summarily decided issue of compensation where no land owner appeared); *United States ex rel. Tennessee Valley Authority v. Tree-Removal Rights with Respect to land in McNairy County, Tenn.*, No. 15-1008, 2015 WL 5499434 (W.D. Tenn. Sept. 16, 2015) (granting summary judgment in eminent domain proceeding on the issue of compensation).

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). "An issue of fact is material only if 'its resolution could affect the outcome of the action'." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

## Analysis

The Fifth Amended provides, in relevant part, that no "private property be taken for public use, without just compensation." U.S. Const. amend. V. In most cases, "just compensation" is "the fair market value of the property on the date it is appropriated. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 10, 104 S. Ct. 2187, 2194, 81 L. Ed. 2d 1

(1984). Where, as here, the United States took an easement rather than ownership of the property, compensation is the "the difference between the market value of that tract before and after the taking." *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cty., State of Tex.*, 680 F.2d 388, 391 (5th Cir. 1982)

The United States submits, as evidence of the value of these easements, the declaration of Ivan J. Antal, a certified Mississippi property appraiser and TVA employee. Declaration, Doc. 32-1. Antal stated that in preparing his appraisal, he consulted two appraisal reports performed by independent appraisers and submitted to the TVA. *Id.* ¶ 4. Each independent appraiser determined the fair market value of the easement to be $275. *Id.* Based on these reports, Antal determined that the landowners should be compensated $1,000 in total for the easement. *Id.* ¶ 5.

Defendant Willie Dean McGee filed an answer, requesting to be awarded $15,000 for the easement. McGee has filed no response to the United States' motion for summary judgment, and has not submitted any evidence to the Court. Thus, McGee has filed no evidence in this case that would establish that $15,000 is the fair market value of an easement. Except for McGee and Defendants Judy Lynn Smith and Eddie L. Smith, who settled their interests with the United States, no other Defendant has appeared. Thus, no other Defendant has set forth record evidence as to the fair market valuation of the easement.

The Court finds that United States has carried its initial burden of establishing that $1,000 is a fair and just compensation for the easement. Because the remaining Defendants have either failed to appear or failed to provide competent evidence to dispute that valuation, the Court finds they have failed to carry burden of showing that a genuine issue of material fact exists. *See United States for Use of Tennessee Valley Auth. v. Tree Removal Rights with Respect to Land in Marshall Cty., Mississippi*, No. 3:17-CV-128-DMB-RP, 2018 WL 6072008, at *2 (N.D. Miss. Nov. 19, 2018) (granting summary judgment where there was no "evidence showing the inadequacy of TVA's valuation method."); *see Tree*

*Removal Rights*, 2015 WL 5499434, at *2 ("When the moving party presents an appraisal by a credentialed property appraiser and the non-moving parties do not contest it, that moving party is entitled to judgment as a matter of law on the issue of just compensation"). The Court therefore finds that, based upon the undisputed evidence submitted by the United States, $1,000 is a fair and just compensation for the easement sought and should be awarded to Defendants based upon their respective interests in the land as follows:

| Owner | Fractional Interest | Amount |
|---|---|---|
| Willie Morris Smith, Jr. | 1/14 | $71.43 |
| Betty Jean Hogan | 1/14 | $71.43 |
| Helen Jean Smith | 1/14 | $71.43 |
| Wilbert Kent Johnson | 1/14 | $71.43 |
| Stanley Johnson | 1/14 | $71.43 |
| Marry Ann Island | 1/14 | $71.43 |
| Lois Lynn Pitchford | 1/14 | $71.43 |
| Deborah Alexander | 1/14 | $71.43 |
| Eddie B. Smith, II | 1/14 | $71.43 |
| Marco Smith | 1/42 | $23.81 |
| Ventura Donael Smith | 1/42 | $23.81 |
| Ayonda Kay Smith | 1/42 | $23.81 |
| Tara Milla | 1/14 | $71.43 |
| Willie Dean McGee | 1/14 | $71.43 |
| **Total** | **6/7** | **$857.16[1]** |

---

[1] The remaining 1/7 interest and $142.84 is accounted for by Defendants Judy Lynn Smith and Eddie L. Smith respective 1/14 interests in the land, which they settled for $71.42 each.

## Conclusion

For these reasons, the Court finds that there is no genuine issue of material fact as to the amount of just compensation for the easement and right-way-acquired and that the United States motion should be granted. Defendants are awarded an apportioned amount of $1,000 as compensation for their respective fractional interest in the land.

An order in accordance with this opinion shall issue.

This the 17th day of January, 2019.

SENIOR U.S. DISTRICT JUDGE